IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARIS MOFFETT,

               Petitioner,            No. 2:11-cv-0617 MCE KJN P

     vs.

RICHARD B. IVES,              ORDER AND

               Respondent.      FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a federal prisoner proceeding without counsel, has filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2241.  Pursuant to court order, petitioner has now filed an application to proceed in forma pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

       Petitioner "moves to have the conviction in the above case vacated as unlawful and unconstitutional under the Fifth and Sixth Amendments due to actual innocence."  (Dkt. No. 1 at 2.)  Petitioner raises various claims, including ineffective assistance of counsel and prosecutorial misconduct.

       Petitioner pled guilty in the Northern District of California to possession with intent to distribute crack cocaine and possession of a firearm in furtherance of drug trafficking on

1

September 10, 2008.  United States v. Moffett, No. CR-08-0200 MMC (N.D. Cal. Jan.3, 2011

Order).[1]  Petitioner was sentenced to a term of 120 months on November 23, 2008.  (Id.)

Writ of habeas corpus relief extends to a person in custody under the authority of

the United States.  See 28 U.S.C. § 2241.  A federal prisoner who challenges the validity or

constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Only the sentencing

court has jurisdiction to hear challenges to federal criminal sentences.  Id. at 1163.

On the other hand, a prisoner who challenges the manner, location, or conditions

of a criminal sentence's execution must bring a petition for writ of habeas corpus under 28

U.S.C. § 2241.  See e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (because

Capaldi alleged his sentence violated the Constitution, his relief should be sought through a

motion to vacate judgment pursuant to 28 U.S.C. § 2255); Kingsley v. Bureau of Prisons, 937

F.2d 26, 30 n.5 (2nd Cir. 1991) ("Under § 2255, prisoners can move the sentencing court to

vacate, set aside, or correct the initial sentence.").

Nevertheless, in rare cases, a federal prisoner authorized to seek relief under

§ 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is

"inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d

861, 864-65 (9th Cir. 2000).  However, this is a very narrow exception.  Ivy v. Pontesso, 328

F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence and that he never had the

opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland

v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because

petitioner misses statute of limitations); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias

or unequal treatment do not render a § 2255 petition in adequate); Aronson v. May, 85 S.Ct. 3, 5

---

[1]  A court may take judicial notice of court records.  See, e.g. Bennett v. Medtronic, Inc.,
285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts,
both within and without the federal judicial system, if those proceedings have a direct relation to
matters at issue") (internal quotation omitted).

1   (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate);

2   Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same).  The burden is on the petitioner to

3   show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83

4   (9th Cir. 1963).

5            In the instant motion, petitioner is challenging the validity of his conviction, not

6   the execution of his sentence.  Petitioner claims his conviction is unconstitutional.  Petitioner

7   also includes the notation "2255" behind his reference to 28 U.S.C. § 2241.  (Dkt. No. 1 at 2.)

8   Moreover, petitioner provides no facts or circumstances establishing that a motion brought under

9   28 § 2255, in this context, is either inadequate or ineffective.

10           Court records demonstrate that petitioner filed a 28 U.S.C. § 2255 motion in the

11  district of his conviction.  United States v. Moffett, 08-cr-0200 MMC (N. D. Cal.) (§ 2255

12  motion denied on January 3, 2011, Dkt. No. 53.)  Petitioner raised the same claim in the  § 2255

13  motion as he did in the instant petition.  (Id.)  The mere denial of petitioner's § 2255 motion is

14  insufficient to render the § 2255 inadequate.  Aaronson, 85 S. Ct. at 5; Lorentsen, 223 F.3d at

15  953.  Moreover, because petitioner raised the same claim in his § 2255 as he raised here,[2]

16  _____

17           [2] Petitioner claims he is actually innocent of the crime because the analyst who tested the
    substance found at the crime scene was subsequently found to have allegedly engaged in
18  misconduct.  However, petitioner has not demonstrated he is actually innocent of the crime and
    he has failed to establish that this court cannot have confidence in petitioner's guilty plea.  See,
19  e.g., Schlup v. Delo, 513 U.S. 288, 327 (1995) (petitioner must demonstrate that a constitutional
    violation has "probably resulted in the conviction of one who is actually innocent.").  It appears
20  that as of April 5, 2010, no charges had been filed in connection with the investigation into the
    alleged theft of cocaine evidence and other alleged misconduct at the San Francisco crime lab,
21  which was subsequently shut down.  Vic Lee, "Former lab tech pleads not guilty to drug charge,"
    San Francisco News (April 5, 2010), http://abclocal.go.com/kgo/story?section=news/local/
22  san_francisco&id=7368605.  A search of electronic court records for the San Francisco and San
    Mateo County Superior Courts, and the United States District Court for the Northern District of
23  California reflects no recent criminal charges filed against Deborah Madden as of April 13, 2011,
    other than the personal drug possession charge filed on April 2, 2010 (San Mateo County
24  Superior Court, Case No. NF392634).  More recent press coverage notes Deborah Madden has
    been "accused of stealing cocaine and OxyContin from evidence samples," but did not confirm
25  any charges had been filed, and did not mention any allegations against Madden for
    misidentifying substances collected at crime scenes.  Brian Begin, "Audit reveals crime-lab
26  chaos," The San Francisco Examiner (April 14, 2011)

1  petitioner cannot demonstrate that he never had the opportunity to raise this issue in a § 2255

2  motion.  Ivey, 328 F.3d at 1059.

3         In light of the above, petitioner's request for relief is more properly brought as a

4  motion to vacate or set aside his conviction, which must be brought in the court where he was

5  convicted, the Northern District of California.  Thus, this action should be dismissed.

6         Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed

7  in forma pauperis is granted;  and

8         IT IS HEREBY RECOMMENDED that this action be dismissed, without

9  prejudice.

10        These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12  one days after being served with these findings and recommendations, plaintiff may file written

13  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

16  F.2d 1153 (9th Cir. 1991).

17  DATED:  April 14, 2011

18

19                                          _____
                                            KENDALL J. NEWMAN
20                                          UNITED STATES MAGISTRATE JUDGE

21  moff0617.56

22

23

24

25  _____

26  http://www.sfexaminer.com/local/audit-reveals-crime-lab-chaos.

4