IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARIS MOFFETT,

       Petitioner,                    No. 2:11-cv-0617 MCE KJN P

    vs.

RICHARD B. IVES,

       Respondent.            ORDER

_____/

       Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 29, 2011, this action was dismissed without prejudice. (ECF No. 12.) The court declined to issue a certificate of appealability. (Id.)

       On July 20, 2011, petitioner filed a motion for reconsideration. (ECF No. 14.)

       Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially

1

different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In his motion, petitioner presents no new arguments, but again argues the merits of his underlying claim.  The instant action was dismissed on procedural grounds.  Therefore, petitioner's arguments directed to the merits of the petition are unavailing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's July 20, 2011 motion for reconsideration (ECF No. 14) is DENIED.

Dated:  August 5, 2011

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

2